IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVSION

| | |
|---|---|
| APEX SYSTEMS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action Number: 3:11-cv-588 |
| | ) |
| CC INTELLIGENT SOLUTIONS, INC. | ) |
| | ) |
| Defendant. | ) |

## ANSWER

Defendant, CC Intelligent Solutions, Inc. ("Defendant"), by counsel, hereby states as follows for its Answer to the Complaint filed herein by the plaintiff, Apex Systems, Inc. ("Plaintiff"):

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Admitted.

3. The allegations of paragraph 3 of the Complaint set forth conclusions of law to which no response is required.

4. The allegations of paragraph 4 of the Complaint reference a written document, which speaks for itself.

5. The allegations of paragraph 5 of the Complaint reference a written document, which speaks for itself.

6. The allegations of paragraph 6 of the Complaint reference a written document, which speaks for itself.

7. The allegations of paragraph 7 of the Complaint reference a written document, which speaks for itself.

8. The allegations of paragraph 8 of the Complaint reference a written document, which speaks for itself.

9. The allegations of paragraph 9 of the Complaint reference a written document, which speaks for itself.

10. The allegations of paragraph 10 of the Complaint reference a written document, which speaks for itself.

11. The allegations of paragraph 11 of the Complaint reference a written document, which speaks for itself.

12. The allegations of paragraph 12 of the Complaint reference a written document, which speaks for itself.

13. The allegations of paragraph 13 of the Complaint reference a written document, which speaks for itself.

14. The allegations of paragraph 14 of the Complaint reference a written document, which speaks for itself.

15. Defendant admits that it made the referenced payments. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph 15 of the Complaint.

16. Defendant admits that it has not paid Plaintiff the amount it alleges is due and owing. Defendant denies the remaining allegations set forth in paragraph 16 of the Complaint.

17. Defendant admits that Apex has not provided additional contract employees to Defendant. The remaining allegations contained in paragraph 17 of the Complaint are legal conclusions to which no response is required.

18. The allegations contained in paragraph 18 require no response.

19. The allegations contained in paragraph 19 of the Complaint are legal conclusions to which no response is required.

20. The allegations contained in paragraph 20 of the Complaint are legal conclusions to which no response is required.

21. The allegations contained in paragraph 21 of the Complaint are legal conclusions to which no response is required.

22. The allegations contained in paragraph 22 of the Complaint are legal conclusions to which no response is required.

23. The allegations contained in paragraph 23 of the Complaint are legal conclusions to which no response is required.

24. Defendant admits that it has not paid Plaintiff the amount it alleges is due and owing. Defendant denies the remaining allegations set forth in paragraph 24 of the Complaint.

25. The allegations contained in paragraph 25 of the Complaint are legal conclusions to which no response is required.

26. The allegations contained in paragraph 26 require no response.

27. The allegations contained in paragraph 27 of the Complaint are legal conclusions and Plaintiff's conclusions and characterizations of the nature of the case, to which no response is required.

28. The allegations of paragraph 28 of the Complaint reference a written document, which speaks for itself.

29. The allegations contained in paragraph 29 of the Complaint are legal conclusions to which no response is required.

WHEREFORE, Defendant, CC Intelligent Solutions, Inc., respectfully requests that the Court dismiss the Complaint with prejudice and award Defendant its costs, expenses, and attorneys' fees incurred herein.

Dated November 14, 2011                     CC INTELLIGENT SOLUTIONS, INC.


                                            /s/ Franklin R. Cragle, III
                                            W. Brian McCann, Bar No. 65712
                                            Franklin R. Cragle, III, Bar No. 78398
                                            HIRSCHLER FLEISCHER
                                            2100 E. Cary Street 1000
                                            Richmond, Virginia 23223
                                            Phone: (804) 771-9500
                                            Fax: (804) 644-0957
                                            bmccann@hf-law.com
                                            fcragle@hf-law.com

                        Counsel for Defendant, CC Intelligent Solutions, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that, on the 14th day of November, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>Laura D. Windsor, Bar No. 70354
>Heather H. Lockerman, Bar No. 65535
>TROUTMAN SANDERS, LLP
>1001 Haxall Point
>Post Office Box 1122
>Richmond, Virginia 23219
>Phone: (804) 697-1277
>Fax: (804) 698-6047
>laura.windsor@troutmanssanders.com
>heather.lockerman@troutmansanders.com

Counsel for Plaintiff, Apex Systems, Inc.

>/s/ Franklin R. Cragle, III
>W. Brian McCann, Bar No. 65712
>Franklin R. Cragle, III, Bar No. 78398
>HIRSCHLER FLEISCHER
>2100 E. Cary Street 1000
>Richmond, Virginia 23223
>Phone: (804) 771-9500
>Fax: (804) 644-0957
>bmccann@hf-law.com
>fcragle@hf-law.com

Counsel for Defendant, CC Intelligent Solutions, Inc.

4105468