IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| APEX SYSTEMS, INC.,        ) | |
|        ) | |
|     **Plaintiff,**       ) | |
|        ) | |
| v.        ) | Case No. 3:11CV588 |
|        ) | |
| CC INTELLIGENT SOLUTIONS, INC.,        ) | |
|        ) | |
|     **Defendant.**       ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant, CC Intelligent Solutions, Inc. ("Defendant"), by counsel, for its memorandum in opposition to the motion for summary judgment filed by plaintiff, Apex Systems, Inc. ("Plaintiff"), states as follows:

**Disputed Material Facts**

Pursuant to Local Rule 56(B), Defendant contends that the following facts asserted by Plaintiff are disputed.

1. Defendant disputes that it owes $9,583.00 in attorney's fees pursuant to the Technical Staffing Master Services Agreement (the "Contract"). A copy of the contract was attached to Plaintiff's Memorandum as Exhibit 2. The Contract provides for "reasonable attorneys' fees" should any matter of default be referred to an attorney for collection. Contract at ¶ 7. For a "straightfoward case of breach of a commercial services contract"—as characterized by Plaintiff in its Memorandum—this amount is not reasonable and is unsupported.

# ARGUMENT

## I. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is not to be "lightly granted." Southern Federal Savings & Loan v. Fellows, 22 B.R. 40, 41 (E.D. Va. Bankr. 1982). Summary judgment should be granted only if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The burden on the nonmoving party is light. See Southern Federal, 22 B.R. at 41 (the nonmoving party "need only respond with sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions . . . at trial."). In considering a motion for summary judgment, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party. The [nonmoving party] is entitled to have the credibility of all of his evidence presumed." Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citations omitted). The nonmoving party is entitled to have its "version of all that is in dispute accepted, all internal conflicts in it resolved favorably to [it], the most favorable of possible alternative inferences from it drawn in [its] behalf; and finally, to be given the benefit of all favorable legal theories invoked by the evidence so considered." M&M Medical Supp. and Svc. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163 (4th Cir. 1993) (citations omitted).

## II. THE AMOUNT OF ATTORNEYS' FEES SOUGHT BY PLAINTIFF IS NOT REASONABLE

As Plaintiff stated, this is "a straightforward case of breach of a commercial services contract." Plaintiff's Memo at p. 3. Plaintiff issued fifteen invoices for services it provided to Defendant. Defendant was (and is) unable to pay the invoices. The case is simple. Yet, Plaintiff claims that it expended $9,583 in attorney's fees.

2

To determine whether a requested fee is reasonable, the Court must use the lodestar formula which consists of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Travis v. Prime Lending,* 2008 WL 2397330 at *4 (W.D. Va. June 12, 2008). Therefore, Plaintiff must show that the hourly rate is reasonable and "that the number hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Id.* Plaintiff's affidavit concerning its attorney's fees does not set forth the hourly rate that applied nor did it set forth the hours expended on this matter. *See* Plaintiff's Exhibit 4. Defendant has not admitted that the amount of fees claimed is due to Plaintiff. To the contrary, this amount is disputed based on lack of facts to support Plaintiff's claim.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Summary Judgment.

        **CC INTELLIGENT SYSTEMS, INC.**

        By:   /s/ Franklin R. Cragle, III
               Counsel

W. Brian McCann (VSB #65712)
Franklin R. Cragle, III (VSB #78398)
HIRSCHLER FLEISCHER
A PROFESSIONAL CORPORATION
The Edgeworth Building
2100 East Cary Street (23223)
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
    *Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of February, 2012, a true copy of the foregoing was mailed, postage prepaid, to:

> Laura D. Windsor, Esquire
> Heather H. Lockerman, Esquire
> Attorneys for Apex Systems, Inc.
> Troutman Sanders LLP
> 1001 Haxall Point
> Post Office Box 1122 (23218-1122)
> Richmond, Virginia 23219
> Telephone: (804) 697-1277
> Facsimile: (804) 698-6047
> laura.windsor@troutmansanders.com
> heather.lockerman@troutmansanders.com

    /s/ Franklin R. Cragle, III